**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

In Re;

CARLA MARIE PLAISTED,
                Debtor,        BANKRUPTCY NO. 24-10522-JCM

CARLA MARIE PLAISTED,                    Chapter 13
                Movant,
                              RELATES TO CL ##2-1 & 5-1
                v.
                              Response date: 03/03/2025
                              Hearing date: 3/25/2025
                              Hearing time: 2:00 PM

BJC VENTURES, L.L.C.
t/d/b/a SERVPRO OF SOUTHERN BUTLER
COUNTY,                Respondent,

                              Filed on behalf of Plaintiff
                              BJC Ventures, L.L.C.,
                              Respondent

                              Counsel of Record for this Party:
                              F. BRIAN DODSON, ESQUIRE
                              PA ID #: 20216

                              F. BRIAN DODSON, ESQUIRE
                              DODSON, CHASE, L.L.C.
                              Suite 240
                              5500 Corporate Drive
                              Pittsburgh, PA 15237
                              412-635-9314

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

In Re;

CARLA MARIE PLAISTED,
                Debtor,        BANKRUPTCY NO. 24-10522-JCM

CARLA MARIE PLAISTED,                        Chapter 13
                Movant,
                                  RELATES TO CL ##2-1 & 5-1
                   v.
                                  Response date: 03/03/2025
                                  Hearing date: 3/25/2025
                                  Hearing time: 2:00 PM

BJC VENTURES, L.L.C.
t/d/b/a SERVPRO OF SOUTHERN BUTLER
COUNTY,        Respondent,

**RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM OF BJC VENTURES, LLC t/d/b/a SERVPRO OF SOUTHERN BUTLER COUNTY**

    AND NOW, comes F. Brian Dodson, Esquire, attorney for Respondent in the above-entitled matter and states the following response to Movant's Objection to the Proof of Claim of BJC Ventures, LLC t/d/b/a Servpro of Southern Butler County:

1. The allegations of Paragraph 1 of Movant/Objector's Objection are ADMITTED.

2. The allegations of Paragraph 2 of Movant/Objector's Objection are ADMITTED and by way of further response the

2

address provided of 203 Staffordshire Place, Pittsburgh, Pennsylvania in Respondent's Proof of Claim is the address of Respondent's counsel which was provided for purposes of convenience of communication.

3. The allegations of Paragraph 3 of Movant/Objector's Objection are ADMITTED.

4. The allegations of Paragraph 4 of Movant/Objector's Objection are ADMITTED.

5. The allegations of Paragraph 5 of Movant/Objector's Objection are ADMITTED in part and DENIED in part. It is DENIED that Respondent's Praecipe for Judgment on Mechanic's Lien Claim dated 07/17/24 was filed in violation of the automatic stay as it was filed prior to the filing of Movant's Bankruptcy Petition on 09/06/24 as stated in Movant's Objection. Further, Judgment on Respondent's Praecipe was never entered on the docket by the Prothonatary of Butler County due to a technical error in Respondent's Praecipe which was returned to Respondent's counsel. It is ADMITTED that Respondent did not have a secured claim against the Debtor.

6. The allegations of Paragraph 6 of Movant/Objector's Objection are ADMITTED.

7. The allegations of Paragraph 7 of Movant/Objector's Objection are ADMITTED.

3

8. The allegations of Paragraph 8 of Movant/Objector's Objection are ADMITTED in part and DENIED in part. It is DENIED that any work done by Respondent under agreement with Debtor was done an emergency basis. By way of further response, by the time Movant/Objector contacted Respondent regarding the work to be done at 800 McKinley Avenue, Butler, Pa. 16001 she had previously contacted another water damage remediation company with whom she discussed the approximate cost of the repairs to be made at 800 McKinley Avenue. When Movant/Objector contacted Respondent she discussed in depth the approximate cost of the project with Respondent and chose Respondent to do the work because Respondent could begin work earlier than the company she had initially contacted. It is ADMITTED that at all times both Movant/Objector and Respondent believed the cost of the damage repairs at 800 McKinley Avenue would be covered by insurance. It is ADMITTED that Movant/Objector's insurance claim was denied for the reasons set forth in a letter to Movant/Objector dated February 12, 2024.

9. The allegations of Paragraph 9 of Movant/Objector's Objection are ADMITTED to the extent that The Pennsylvania Home Improvement Consumer Protection Act, 73 P.S. Section 517.2 defining "Home Improvement" reads as stated in Paragraph 9 of Movant/Objector's Objection.

10. The allegations of Paragraph 10 of Movant/Objector's Objection are ADMITTED to the extent that the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. Section 201-1 reads as stated in Paragraph 10 of Movant/Objector's Objection.

11. The allegations of Paragraph 11 of Movant/Objector's Objection are ADMITTED.

12. The allegations of Paragraph 12 of Movant/Objector's Objection are ADMITTED to the extent that neither the Debtor or her daughter were given the Emergency Work Authorization or written estimate required under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. Section 201-7. Movant/Objector's conclusion that such Emergency Work Authorization is necessary under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, supra., or that the Pennsylvania Home Improvement Consumer Protection Act, 73 P.S. 517 et seq, apply in any way to invalidate Respondent's Claim is a conclusion of law to which no responsive pleading is required, nevertheless Respondent DENIES that either the Pennsylvania Home Improvement Consumer Protection Act, supra. or the Pennsylvania Unfair Trade Practices and Consumer Protection Law, supra. apply in any way to invalidate Respondent's claim. To the

5

    contrary Respondent avers that Respondent performed no work on Movant/Debtor's property at 800 McKinley Avenue that meets the definition of "Home Improvement" as defined in the Pennsylvania Home Improvement Consumer Protection Act, supra. Further, under Pennsylvania case law Respondent has a claim based on the theory of Quantum Meruit despite arguendo failing to meet the requirements of the Pennsylvania Home Improvement Consumer Protection Act, supra. Finally, at all times relevant hereto Debtor/Movant/Objector's Counsel was aware of, and admitted Respondent's Claim, even advising Respondent to file the Mechanic's Lien Claim to which Debtor now objects. Further, by virtue of Debtor's Counsel both admitting Respondent's Claim and advising Respondent and Respondent's Counsel to file a Mechanic's Lien based on such claim Debtor is now ESTOPPED to deny Respondent's Claim.

13. Respondent is without knowledge, information or belief as to the truth or falsity of the Allegations of Paragraph 13 of Movant/Objector's Objection, therefore such allegations are denied and strict proof thereof is demanded at trial.

THEREFORE, Respondent requests that this Honorable Court dismiss Debtor's Objection to Respondent's Claim and proceed to adjust Debtor's payment schedule to reflect Respondent's Claim.

                                              Respectfully submitted,

/S/ F. Brian Dodson

F. Brian Dodson, Esq.
Attorney for Respondent
Bar No. 20216
5500 Corporate Drive, Ste 240
Pittsburgh, Pa. 15237
412-635-9314
bdodson@dodsonchase.com

7